TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . 1

II.  BACKGROUND OF RELEVANT FACTS. . . . . . . . . . . . . . 2

III. PLAINTIFF'S CLAIMS. . . . . . . . . . . . . . . . . . . 6

IV.  STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . 7

V.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . 8

     A.   As to the City & County of Honolulu,
          Honolulu Liquor Commission, and Dennis
          Enomoto, Count I of the Complaint must
          Be Dismissed as Plaintiff Has Not Alleged
          That His Constitutional Rights Were
          Violated Because of an Official City Policy
          or Custom, and There Is No Evidence of Such . . . . . 8

     B.   Wallace W. Weatherwax, John Carroll,
          Anna Hirai, and Allan Gaylord Are Entitled
          to Qualified Immunity on Plaintiff's
          42 U.S.C § 1983 Claims . . . . . . . . . . . . . . . 10

          1.   Count I Should Be Dismissed Because
               Plaintiff's Grand Jury Testimony Was
               Made Pursuant to His Official Duties
               as a Public Servant and Law Enforcement
               Official for the Honolulu Liquor
               Commission and Was Therefore Not
               Protected by the First Amendment . . . . . . . 12

          2.   There Is No Evidence That Any Alleged
               Retaliation or Adverse Employment
               Action Was Taken Against Plaintiff for
               His Participation in the Federal Bureau
               of Investigation's and Honolulu Police
               Department's Investigations into Alleged
               Corruption at the Honolulu Liquor Commission,
               Including Testifying Before the Grand Jury . . 16

     C.   Plaintiff's 42 U.S.C. § 1983 Claim must Be
          Dismissed Or, in the Alternative, That
          Summary Judgment Be Entered in Defendants'
          Favor . . . . . . . . . . . . . . . . . . . . . . . 29

D.  Defendants are Entitled to Qualified Immunity for all State Tort Claims. . . . . . . . . . 29

E.  Count II Should Be Dismissed as to All Defendants Because There Is No Evidence That Plaintiff Was Ever Retaliated Against by Any Defendants with Regard to His Compensation, Terms, Conditions, Location, or Privileges of Employment as Required by § 378-62, Hawaii Revised Statutes. . . . . . . . . 31

F.  Plaintiff's Negligent Supervision Claim (Count III) must Be Dismissed for Two (2) Reasons: (1) to the Extent That it Is Alleged Against His Employer, the Claim Is Barred by the Workers' Compensation Exclusivity Statute, and (2) to the Extent That the Complaint Alleges Liability Against the Employees of the Honolulu Liquor Commission for Their Actions Within the Scope of Their Employment, it must Be Dismissed as a Negligent Supervision Claim must Be Premised on Actions Outside the Scope of Their Employment . . . 33

G.  Count IV Should Be Dismissed as There Is No Evidence Of Any Conspiracy to Retaliate Against Plaintiff . . . . . . . . . . . . 35

H.  Plaintiff's Wrongful Discharge Claim (Count V) Should Be Dismissed Because the Claim Is Embodied in Count I and Count II of the Complaint . . . . . . . . . . . . . 36

I.  Count VI, Which Is a Claim of Intentional Infliction of Emotional Distress, Should Be Dismissed Because There Is No Evidence That Defendants Were Responsible for Any of the Allegations Including the Death Threats and Other Anonymous Activity Alleged by Plaintiffs, and Whatever Defendants Were Alleged to Have Done, Would Not Have and Did Not Cause Plaintiff Severe Emotional Distress. . . . . . . . . . . . . . . . . . . . . . . 37

      J.     Count VII must Be Dismissed as the City and County of Honolulu and the Honolulu Liquor Commission (Including Dennis Enomoto) Because Punitive Damages Cannot Be Awarded Against a Municipality. . . . . . . . . . . . . . . . . 38

      K.     There Is No Evidence of Retaliation and Therefore Punitive Damages Are Unwarranted Against Wallace Weatherwax, Anna Hirai, John Carroll, and Allan Gaylord . . . . . . . . . . . 39

VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 40